# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7065 | **DATE** | January 7, 2008 |
| **CASE TITLE** | U.S. ex rel. Ramón Domínguez (#R-03465) vs. Warden Dan Austin, et al. | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

## STATEMENT

Ramón Domínguez, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for first degree murder on the grounds that: (1) his attorneys were ineffective in failing to propose a lesser-included offense instruction for the jury; and (2) the state courts unreasonably applied the law in finding otherwise. The U.S. District Court for the Southern District of Illinois recently transferred the case to this district because the petitioner, though confined in the Southern Illinois judicial district, is challenging a Lake County conviction.

The petitioner, who is represented by counsel, has paid the statutory filing fee.

The petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Attorney General is not a proper party.

mjm