UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| RAMÓN DOMÍNGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 7065 |
| | ) | |
| DAN AUSTIN, Warden, | ) | |
| Pinckneyville Correctional Center, | ) | The Honorable |
| | ) | Virginia M. Kendall, |
| Respondent. | ) | Judge Presiding. |

_____

## RESPONDENT'S MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] this Court's January 7, 2008 order directing respondent to "answer the petition or otherwise plead," and 28 U.S.C. § 2244(d)(1)(A), respondent DAN AUSTIN moves this Court to dismiss, with prejudice, petitioner's petition for

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response." In this vein, the Committee Notes explain that where a "dismissal may be called for on procedural grounds," a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4, 1976 Adoption. This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"). *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

writ of habeas corpus as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In support, respondent states as follows:

1.      Petitioner, Ramón Domínguez, is incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois, where he is in the custody of respondent, Dan Austin. Petitioner's prison identification number is R03465.

2.      Following a 2001 jury trial in the Circuit Court of Lake County, Illinois, petitioner was convicted of one count of first degree murder, and was sentenced by the trial court to a term of imprisonment of 28 years. *People v. Dominguez*, 773 N.E.2d 1167 (Ill.App. 2002) (Exhibit A). The conviction arose out of petitioner's murder of his wife. In May 1999, petitioner shot and killed her while they were inside their home. *Dominguez*, 773 N.E.2d at 1170 (Exh. A at 4).

3.      Petitioner appealed his judgment of conviction to the Illinois Appellate Court, Second District, which affirmed his conviction and sentence on June 28, 2002. *Dominguez*, 773 N.E.2d at 1176 (Exh. A at 17). Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, which denied it on December 5, 2002. Order denying PLA, *People v. Dominguez*, No. 94684 (Ill. 2002) (Exhibit B). Petitioner had 90 days within which to file a petition for writ of certiorari in the United States Supreme Court (*see* S. Ct. Rule 13), but he did not do so.

4.    On June 5, 2003, petitioner filed[2] in the Circuit Court of Lake County a pro se postconviction petition, pursuant to the Illinois Post-Conviction Hearing Act (codified at 725 ILCS 5/122-1, *et seq.*).  Postconviction petition, *People v. Dominguez*, No. 99 CF 1830, Circuit Court of Lake County (Exhibit C).  The state circuit court summarily dismissed the petition on August 5, 2003, as frivolous and patently without merit pursuant to 725 ILCS 5/122-2.1.  Order dismissing postconviction petition, *People v. Dominguez*, No. 99 CF 1830 (Exhibit D).

5.    Petitioner appealed the judgment dismissing his postconviction petition to the Illinois Appellate Court, Second District.  *People v. Dominguez*, 824 N.E.2d 1232 (Ill.App. 2005) (Exhibit E).  On March 10, 2005, the Illinois Appellate Court reversed and remanded the cause to the circuit court for further proceedings, holding that petitioner had stated the gist of a constitutional claim of ineffective assistance of counsel based on counsel's failure to tender or recommend an involuntary manslaughter instruction.  *Dominguez*, 824 N.E.2d at 1245-46 (Exh. E at 19).  The State filed a PLA in the Illinois Supreme Court.  The supreme court denied the PLA, but issued a supervisory order ordering the appellate court to vacate its order and reconsider petitioner's appeal in light of *People v. Blair*, 831

---

[2] For purposes of ascertaining the dates on which petitioner filed documents in state and federal court, respondent assumes that the documents are filed on the date that petitioner signed and dated the documents in question, rather than the file-stamp date provided by the respective clerk's offices.  *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (mailbox rule extended to pro se habeas petitions).  This gives petitioner the benefit of the earliest possible filing date.

N.E.2d 604 (Ill. 2005).  Supervisory Order, *People v. Dominguez*, No. 100427 (Ill.

2005) (Exhibit F).

6.      On remand, the Illinois Appellate Court affirmed the dismissal of

petitioner's postconviction petition, holding that the doctrine of res judicata barred

petitioner from arguing that trial counsel was ineffective for failing to tender a

lesser included offense instruction on involuntary manslaughter and that petitioner

had failed to establish that he was prejudiced by counsel's alleged failure to

investigate his mental health.  *People v. Dominguez*, 851 N.E.2d 894, 901-02

(Ill.App. 2006) (Exhibit G at 8-10).  Petitioner subsequently filed a PLA in the

Illinois Supreme Court, which denied leave to appeal on November 29, 2006.  Order

denying PLA, *People v. Dominguez*, No. 103148 (Ill. 2006) (Exhibit H).

7.      On November 28, 2007, petitioner filed the instant petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254(d), raising the following claims:

A.      trial counsel was ineffective for failing to request a lesser included
        offense instruction on involuntary manslaughter and the state
        appellate court unreasonably applied federal law in determining
        otherwise;

B.      the State failed to disclose that petitioner had been medicated at the
        county jail with an anti-psychotic and psychotropic drugs, in violation
        of *Brady v. Maryland*, 373 U.S. 83 (1963);

C.      trial counsel failed to subject the State's case to meaningful
        adversarial testing under *United States. v. Cronic*, 466 U.S. 648 (1984);

D.      trial counsel's errors were structural, requiring reversal of his
        conviction; if not construed as structural error, however, the following
        errors constituted ineffective assistance of counsel under *Strickland v.
        Washington*, 466 U.S. 668 (1984):

4

1)     counsel failed to recommend a lesser included offense instruction on involuntary manslaughter;

2)     counsel failed to utilize an interpreter to enable petitioner to communicate with his attorneys and to make intelligent and knowing decisions in his defense;

3)     counsel failed to investigate petitioner's mental fitness; and

4)     counsel failed to investigate the murder weapon or develop any evidence in petitioner's defense.

8.     Petitioner has exhausted his state court remedies because no state court avenues remain available by which petitioner may present the constitutional claims that he has raised in the present federal habeas petition.

9.     The following materials, pertinent to this Court's timeliness determination, are being filed as exhibits with this Court:

Exhibit A:    *People v. Dominguez*, 773 N.E.2d 1167 (Ill.App. 2002);

Exhibit B:    Order denying PLA, *People v. Dominguez*, No. 94684 (Ill. 2002);

Exhibit C:    Postconviction petition, *People v. Dominguez*, No. 99 CF 1830, Circuit Court of Lake County;

Exhibit D:    Order dismissing postconviction petition, *People v. Dominguez*, No. 99 CF 1830;

Exhibit E:    *People v. Dominguez*, 824 N.E.2d 1232 (Ill.App. 2005);

Exhibit F:    Supervisory Order, *People v. Dominguez*, No. 100427 (Ill. 2005);

Exhibit G:    *People v. Dominguez*, 851 N.E.2d 894 (Ill.App. 2006);

Exhibit H:    Order denying PLA, *People v. Dominguez*, No. 103148 (Ill. 2006).

10.     Petitioner's petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-

5

year statute of limitations on the filing of § 2254 habeas corpus petitions.

Section 2244(d) provides as follows:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

11.    Of § 2244(d)(1)'s four possible dates for starting the limitations period, the date on which petitioner's conviction became final is the only one applicable to the present case.  *See* 28 U.S.C. § 2244(d)(1)(A).  Petitioner might

argue that his *Brady* claim — that the State withheld evidence that he was taking anti-psychotic and psychotropic medications while on trial — should be governed by § 2244(d)(1)(D)'s starting date.  Under such a theory, petitioner could contend that that claim is timely because it could not have been asserted until his state postconviction petition, and that the statute of limitations would not have begun to run until the conclusion of the collateral proceedings involving the petitioner's disposition.  But such an argument would be baseless.  According to the state postconviction trial court, the factual basis of petitioner's *Brady* claim was available and known to him immediately after the jury returned a guilty verdict, when petitioner moved for a fitness hearing on the basis that he was taking those medications.  *See* Exhibit D at 8.  Because the date on which petitioner discovered (or could have discovered, in the language of the statute) the factual basis for this putative *Brady* claim (at the very latest, sometime between April 13, 2000, when he was found guilty, and March 26, 2001, when he was sentenced) occurred well before petitioner's conviction became final on direct review under 2244(d)(1)(A) (March 5, 2003), it is that last date that governs the timeliness of the instant federal habeas petition.  And, the fact that petitioner did not assert those facts in the context of a *Brady* violation until he filed for state postconviction relief is of no consequence; under 2244(d)(2), it is the date of the discovery of the factual basis of the claim, rather than the realization of their legal significance, that matters.  *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).  Indeed, petitioner obviously knew the factual basis of his purported *Brady* claim even earlier than his fitness motion — when he

started taking the medication.  That was before the jury verdict.  Thus, the

timeliness of petitioner's federal habeas petition — including the *Brady* claim —

should be reviewed under Section 2244(d)(1)(A), rather than under Section

2244(d)(1)(D).

12.    Giving petitioner the greatest benefit of the doubt, his conviction

became final under § 2244(d)(1) on March 5, 2003 — 90 days after the Illinois

Supreme Court denied his PLA on direct review — when the time to file a petition

for writ of certiorari in the United States Supreme Court expired.  *Anderson v.*

*Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).  Therefore, petitioner's federal habeas

petition was due in this Court on or before March 5, 2004.

13.    But under § 2242(d)(2), the § 2244(d)(1) limitations period is

tolled during the pendency of a "properly filed" application for postconviction relief.

*Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  Petitioner filed his state

postconviction petition on June 5, 2003, and that filing tolled the limitations period

under § 2242(d)(2).  *Graham v. Borgen*, 483 F.3d 475, 477 (7th Cir. 2007).  However,

92 days of untolled time elapsed between the conclusion of direct review on March

5, 2003, and the initiation of petitioner's postconviction action on June 5, 2003.

14.    After the state supreme court denied petitioner's PLA on his

postconviction petition on November 29, 2006, the statute of limitations began

running again.  *Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007) (petition for a

writ of certiorari on postconviction review does not toll limitations period under

§ 2244(d)(2)); *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (limitations

period is not tolled during time state postconviction petitioner could have filed, but did not file, petition for writ of certiorari). Petitioner allowed 364 days of untolled time to elapse between November 29, 2006 and the date that he mailed his federal habeas petition to this Court on November 28, 2007.

15.     In sum, petitioner's federal habeas petition was filed 456 days after his conviction became final. It is therefore late under § 2244(d)(1). Because petitioner filed his habeas petition more than one year after AEDPA's limitations period began to run under § 2244(d)(1)(A), the petition is untimely, and this Court should dismiss it with prejudice. *See, e.g.*, *Gutierrez*, 233 F.3d at 491-92 (affirming time-bar dismissal of federal habeas petition when time that lapsed before filing of postconviction petition, and after disposition of that postconviction petition exceeded one year); *Jones v. Hulick*, 449 F.3d 784, 788-89 (7th Cir. 2006) (affirming time-bar dismissal where petitioner allowed 35 days to lapse between conclusion of direct review and filing of postconviction petition, and 350 days to lapse between conclusion of postconviction proceedings and filing of federal habeas petition; 385 total days lapsed under § 2244(d)(1)(A), rendering federal habeas petition untimely); *Love v. Trancoso*, 2004 WL 1660629, at *2 (N.D. Ill. 2004) (rejecting argument that time lapsing between end of direct review and filing of postconviction petition does not count against one-year limitations period) (citing *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2000) ("[P]roper calculation of section 2242(d)(2)'s tolling provision *excludes* time during which properly filed state relief

applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run") (emphasis in original)).

16.  Petitioner has not argued that equitable tolling should excuse his untimely filing.  *See, e.g.*, *Pace,* 544 U.S. at 418 (equitable tolling generally permissible only if petitioner demonstrates that he has been pursuing his rights diligently and some "extraordinary circumstance" prevented timely filing); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).  Nothing on this record indicates that any extraordinary circumstance not of petitioner's own making prevented him from complying with AEDPA's limitations period.  Petitioner allowed 92 days to lapse after his conviction became final before stopping the clock under § 2244(d)(2) by filing a postconviction petition.  Petitioner then filed his federal habeas petition on the 364th day after the conclusion of state postconviction litigation.  The lateness of petitioner's federal habeas petition appears to be attributable to a miscalculation of dates or a misunderstanding of clearly established precedent governing the calculation of the limitations period under the circumstances of his case.  Neither possibility justifies equitable tolling.  *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney negligence does not warrant equitable tolling); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (mistakes of law or unfamiliarity with legal procedures are not extraordinary circumstances warranting equitable tolling).  Petitioner is thus not entitled to equitable tolling.

## <u>CONCLUSION</u>

This Court should dismiss, with prejudice, petitioner's petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1).  If the Court determines that petitioner's habeas petition is not time-barred, respondent requests 30 days from the Court's order denying this motion to address the merits and/or any procedural defaults of petitioner's claims in a subsequent submission.

January 24, 2008                              Respectfully submitted,

                                              LISA MADIGAN
                                              Attorney General of Illinois

                              BY:     /s/ Sheri L. Wong
                                      SHERI L. WONG, BAR #6291090
                                      Assistant Attorney General
                                      100 W. Randolph St., 12th Floor
                                      Chicago, IL 60601-3218
                                      Telephone: (312) 814-3692
                                      Fax: (312) 814-2253
                                      Email: swong@atg.state.il.us

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2008, I electronically filed respondent's

**Motion to Dismiss** with the Clerk of the United States District Court for the

Northern District of Illinois, Eastern Division, using the CM/ECF system, and that

on the same date, I mailed by United States Postal Service the same to petitioner's

counsel:

Jed Stone
Stone & Associates
415 West Washington Street, Suite 107
Waukegan, Illinois 60085

 

 

LISA MADIGAN
Attorney General of Illinois

BY:    <u>/s/ Sheri L. Wong</u>
SHERI L. WONG, BAR #6291090
Assistant Attorney General
100 W. Randolph St., 12th Floor
Chicago, IL 60601-3218
Telephone: (312) 814-3692
Fax: (312) 814-2253
Email: swong@atg.state.il.us