IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON DOMINGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | No.   07 C 7065 |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Virginia M. Kendall, |
| DAN AUSTIN, Warden, | ) | Judge Presiding. |
| and LISA MADIGAN, The Attorney General of | ) | |
| the State of Illinois, | ) | Case Number of State |
| | ) | Court Conviction: 99 CF 1830 |
| Respondents. | ) | |

**PETITIONER'S RESPONSE**
**TO THE RESPONDENT'S MOTION TO DISMISS**

**NOW COMES** the Petitioner, RAMON DOMINGUEZ, by his attorneys, Stone & Associates, and moves this Honorable Court pursuant to 28 U.S.C. § 2254 to DISMISS the Respondent's Motion to Dismiss and grant Habeas Corpus.  In support, the Petitioner alleges and states as follows:

Ramon Dominguez is serving a twenty-eight (28) year sentence in the Illinois Department of Corrections for First Degree Murder.  He is not guilty of murder.  He was denied the Sixth and Fourteenth Amendment rights to effective assistance of counsel when counsel's unilateral decision to fail to instruct a jury on the law of recklessness doomed Mr. Dominguez's trial in spite of his lawyer's argument to the jury that the shooting of his wife was accidental and reckless.  This decision by his English-speaking lawyers imposed upon a befuddled Spanish-speaking Mexican national rendered the jury's verdict unreliable and unconstitutional.  Ramon Dominguez seeks relief in the United States District Court.

1

It is well settled that "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The Supreme Court in *O'Sullivan* quoted 28 U.S.C. 2254(c) which "provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *O'Sullivan,* 526 U.S. at 844. The Court clarifies that it will not require petitioners to engage in "extraordinary procedures" (e.g., filing repetitive petitions) but it will require petitioners to exhaust "normal, simple, and established" state appellate review processes. *O'Sullivan*, 526 U.S. at 844-45. Illinois state postconviction proceedings are just such processes, evidenced by the statutory tolling of the statute of limitations during the pendency of postconviction proceedings and this District's (as well as other districts in 7th Circuit) willingness to deny habeas petitions based on the failure to exhaust the specific state remedy of postconviction proceedings.

As such, to count that time which elapsed between the direct appeal of your petitioner, Mr. Dominguez, and initiation of postconviction proceedings is contrary to the clear sense of the established exhaustion doctrine. The time to prepare an appeal of dismissal of a postconviction petition is tolled, making it wholly irrational not to toll the statutory time period within which a state prisoner prepares his original postconviction petition. Frankly, had Mr. Dominguez filed the current action seeking federal habeas review at the time in which the State alleges his clock began to tick (after the direct appeal but before the postconviction proceedings) the State would have properly objected, asserting that Mr. Dominguez had failed to exhaust his state remedies.

In fact, the State has argued against numerous habeas petitioners based on the fact that they had not exhausted their state law remedies by utilizing the postconviction process. See, for example, *Dupree v. Jones,* 2007 WL 2908948 (C.D.Ill., 2007), slip op. at 1, "The State argues that the petition should be denied for failure to exhaust state remedies because Dupree did not follow the proper procedure in the Illinois state courts for postconviction relief." See also *Murray v. Sims*, 2006 WL 163021 (N.D.Ill., 2006), slip op. at 6, "his claim was not exhausted because it was not presented for a full round of post-conviction review"; See also *Burgess v. Pattison*, 2007 WL 2608830 (S.D.Ill., 2007), slip op. at 2, "apparent avenues for relief remain open" where in part because the petitioner had not filed a postconviction petition, he had not exhausted his state remedies; See also *Adams v. Uchtman*, 2007 WL 2710486 (S.D.Ill., 2007), where exhaustion requirement was excused because the petitioner was time-barred from postconviction proceedings; See also *Carroll v. Austin*, 2007 WL 4294737 (N.D.Ill., 2007) and *U.S. ex rel. Antyon Brown v. Jones*, 2007 WL 3120058 (N.D.Ill., 2007), where claims not yet resolved by the postconviction process were considered unexhausted; See also *Ligon v. Jones*, 2007 WL 2351228 (N.D.Ill., 2007), *U.S. ex rel. Juresic v. Chambers*, 2006 WL 2788550 (N.D.Ill., 2007), and *U.S. ex rel. Gecht v. Pierce*, 450 F.Supp.2d 888 (N.D.Ill., 2006), where it was found by this Court that the petitioner exhausted his state remedies after the postconviction process.

      Under Illinois law, a postconviction petition must be filed within six (6) months of the final direct appeal decision. 725 ILCS 5/122-1. The State of Illinois has given a defendant a 6-month time period within which to consult with counsel, familiarize himself with the rules and mechanisms under the Postconviction Hearing Act, research his arguments, draft and file his petition. Each convicted defendant is statutorily entitled to this time to focus on and

3

prepare his postconviction petition. The State's assertion in its Motion to Dismiss that this time is ticking away under the federal habeas statute of limitation is unworkable under Illinois postconviction law and the interpretation of what constitutes exhaustion of Illinois state remedies (namely the postconviction process). This Court has construed the nonexhaustion of state remedies to include failure to proceed under the postconviction process. The statutory period of preparation of a postconviction petition is just as significantly interrelated to the pendency of the postconviction proceedings as is the preparation period between denial of a postconviction petition and preparation of an appeal to the dismissal, which time is tolled. As such, there is no rational basis upon which to count the preparation and pendency of the initial postconviction petition itself (where as here, it was filed in good faith) against the federal habeas one-year time limit.

      28 U.S.C. 2244(d)(1) clearly tells Mr. Dominguez and other state court prisoners seeking federal habeas review that there is a one year statute of limitation. The Illinois Supreme Court denied Mr. Dominguez's petition for leave to appeal on November 29, 2006. Within that next year, Mr. Dominguez filed his petition for writ of habeas corpus relief on November 28, 2007.

      The result of the State's interpretation would essentially take what is clearly and statutorily defined as a one (1)-year statute of limitations under 28 U.S.C. 2244(d)(1) and reduce it to six (6) months, cutting it in half. Further compounding this problem is the retroactive subtraction of time – which notably will only apply toward petitioners who in good faith fully partake in the available state remedies required for exhaustion (as opposed to, for example, petitioners who allow the postconviction period to elapse and are later deemed exhausted by the fact that they are time-barred from filing postconviction in state court).

Just as a state prisoner is entitled the full statutory time period to prepare his initial postconviction petition, he is entitled to the time he is statutorily granted to learn the rules and familiarize himself with the facts of his case in the *federal* framework. This one-year time limitation properly begins on the date in which the prisoner exhausts his state remedies. To hold otherwise, as the state suggests, unreasonably punishes criminal defendants who are proceeding under the clear law in this District that requires them to engage in the postconviction process.

Moreover, where the State would have almost surely objected to his filing the federal habeas petition prior to the postconviction process, the State may not now claim that that very time frame shall count against the petitioner. It results in unfair discretion by the State and effectively a lose-lose scenario for the petitioner – certainly not a just result and not what is contemplated by the statute.

Precedent on this issue specifically addresses the time period *after* the §2244(d)(2) tolling period in which a state prisoner may petition for cert to the United States Supreme Court. That time period is not tolled because it the United States Supreme Court has determined that "[the Supreme] Court is not a part of a 'state's post conviction procedures.'" *Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007). The Court however has not specifically addressed the issue presented in this case, regarding the time statutorily granted by the state to a state prisoner prior to filing the postconviction petition which is indeed "part of a 'state's post conviction procedures'" and particularly so in Illinois, where postconviction is part of the exhaustion process.

The habeas statute provides: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A). Additionally, within this framework is the "1-year period of limitation" and the

fact that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. 2244(d)(1)-(2).

    The statute is clearly and most simply interpreted to mean just what it says – a petitioner has one year from the time he exhausts his state remedies, which includes his postconviction proceedings, within which to file a federal habeas petition. This is the most reasonable interpretation, and is a bright, clear rule. The problem with the state's interpretation is that it requires intimate knowledge beyond the clear language of the statute. The state's interpretation requires a sophisticated and convoluted calendaring system. Compounding this problem is the fact that habeas corpus – by its very name and nature – is a remedy for prison inmates. A bright, clear rule that simply interprets the statute on its face serves the purpose of the statute.

    Additionally, reading the statute in the context of the exhaustion requirements in Illinois essentially requiring that a petitioner fulfill the postconviction process prior to filing a federal habeas action, the only reasonable interpretation is that the time between his direct appeal and the postconviction proceedings shall *not* count against Mr. Dominguez. Moreover, the incontrovertible fact that the State almost certainly would have objected to a filing in federal court made *during that very time period*, and the fact that this Court likely would have dismissed Mr. Dominguez' petition as unexhausted *during that very time period* equates to a reasonable finding that that time period shall not count against the petitioner's one-year statutory time-frame within which he properly initiated the current action.

The exhaustion doctrine exemplifies the carefulness of the federal courts in not imposing on the state courts. It is well established that the federal courts must give the state courts a full and fair opportunity to hear the claims first. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan,* 526 U.S. at 844, citing *Rose v. Lundy,* 455 U.S. 509 (1982). The Supreme Court also noted "[t]his rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Id*. Arguably, it is equally as "unseemly" to impose the federal time limit onto the very time limit the state has already set aside for a defendant to prepare his initial postconviction petition. The principles of federalism and comity underpin habeas corpus jurisprudence in the federal courts. See generally *O'Sullivan* and *Rose v. Lundy*; see also, *Castille v. Peoples,* 489 U.S. 346, 350 (1989), where the Supreme Court articulated its partial reliance and clear consideration of "underlying principles of comity."

Of note, the State undoubtedly suffers no harm or prejudice from the elapse of time in this case. To the contrary, Mr. Dominguez did not wait out the statutory time frame within which to file his postconviction petition in an effort to take advantage of the extinguishment of time to claim he could not exhaust his remedies. Rather, he filed his postconviction ninety-two (92) days after his direct appeal – after just over half the six (6) month period had elapsed.

Mr. Dominguez does not bring forth frivolous claims. Rather, his petition presents structural and substantive trial errors – he was denied the most essential and basic rights guaranteed to him by the Constitution. The first paragraph of Mr. Dominguez' "Statement of

7

Facts" describes how Mr. Dominguez's case, in particular, "provides a rare glimpse into injustice" and that even the trial judge "state[d] in open court that an injustice has occurred; that he is sympathetic; that his heart is broken because of it." (Ramon Dominguez's Petition for Writ of Habeas Corpus, at ¶ 15).

The State's current theory is inapposite to its regular practice of objecting to the petitions of "unexhausted" petitioners. It chips away at the integrity of these proceedings – intended to provide the constitutional guarantees long denied to Mr. Dominguez. To compound the denial of his most basic rights with a nonsensical ruling that the time within which he would have been prohibited from access to this Court because of failure to exhaust state remedies, whilst he was in the process of exhausting those state remedies and within such time that the State would have (likely successfully) objected that he be kicked out of this Court, would be wholly unjust.

Of moment is that Mr. Dominguez is mentally unfit. Additionally, he is handicapped by a language barrier (Mr. Dominguez is a Spanish speaker with limited English skills). These facts are fully pleaded in his petition for writ of habeas corpus to this Court. Mr. Dominguez undoubtedly relied upon the calculations of his retained counsel in this matter and should not himself be punished for his counsel's interpretation of the statute. In the event this Court rejects the statutory interpretation of his counsel, Mr. Dominguez requests that equitable tolling apply in his case to allow the federal courts to redress for his substantial and truly unjust trial errors.

In light of the fact that the State suffers absolutely no harm and prejudice, Mr. Dominguez respectfully requests that this Court deny the State's Motion to Dismiss.

**WHEREFORE**, Petitioner, RAMON DOMINGUEZ, respectfully prays that this Honorable Court:

A. DENY the Respondent's Motion to Dismiss;

B. Issue a writ of habeas corpus to have Petitioner brought before it to be discharged from his unconstitutional confinement and relieved from such confinement and from his unconstitutional conviction and sentence;

C. Issue a writ of habeas corpus to have Petitioner brought before it to vacate the conviction and sentence;

D. Conduct a hearing at which proof may be offered concerning the allegations of this Petition;

E. Order the Respondents to file responsive pleadings;

F. Schedule the filing of legal briefs and memoranda in support of the legal points raised herein so that the Court may be fully informed; and,

G. Grant such other and further relief as may be appropriate and just.

Respectfully submitted,

    s/Jed Stone
One of the attorneys for the Petitioner,
RAMON DOMINGUEZ

Jed Stone
Stone & Associates, L.L.C.
415 West Washington Street, Suite 107
Waukegan, Illinois 60085
(847) 336-7888
With Lauren Kaeseberg