UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. RAMÓN DOMÍNGUEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 07 C 7065 |
| DAN AUSTIN, Warden, Pinckneyville Correctional Center, | ) ) ) | The Honorable Virginia M. Kendall, |
| Respondent. | ) | Judge Presiding. |

_____

## RESPONDENT'S REPLY

Respondent DAN AUSTIN submits this reply to petitioner's response to respondent's motion to dismiss, and states as follows:

1. On November 28, 2007, petitioner Ramón Domínguez filed a petition for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 2).

2. On January 24, 2008, respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). (Doc. 10).

3. On March 14, 2008, petitioner filed a response to respondent's motion to dismiss.

4. Respondent now submits this reply to petitioner's response. For the reasons stated below, as well as those discussed in respondent's motion to dismiss, this Court should dismiss the petition with prejudice as time-barred.

## **ARGUMENT**

In support of his contention that his habeas petition should not be dismissed as time-barred, petitioner argues that counting the time that elapsed between the conclusion of his direct appeal and the initiation of postconviction proceedings is contrary to the exhaustion doctrine. (Doc. 15 at 2). In particular, he contends that it is unfair to require that he exhaust his state court remedies while simultaneously counting against him the time that lapses between the conclusion of his direct appeal and the start of state postconviction proceedings. (Doc. 15 at 3-4). He maintains that the one-year statute of limitations set forth in § 2244(d) should be interpreted to mean that he has one year from the time that he exhausts his state court remedies, which includes his postconviction proceedings, within which to file a federal habeas petition. (Doc. 15 at 6). Petitioner's argument fails as a matter of law.

As stated in respondent's motion to dismiss, petitioner's conviction "became final by the conclusion of direct review or the expiration for seeking such review," 28 U.S.C. § 2244(d)(1)(A), on March 5, 2003 — 90 days after the Illinois Supreme Court denied his direct appeal petition for leave to appeal (PLA). Under § 2244(d)(2), the limitations period was tolled by the filing of petitioner's postconviction petition on June 5, 2003. *Graham v. Borgen*, 483 F.3d 475, 477 (7th Cir. 2007). However, 92 days of untolled time elapsed between the conclusion of direct review and the initiation of petitioner's postconviction action, time that is added to the 364 days that elapsed between the conclusion of postconviction review

and the filing of the instant habeas petition.  *See, e.g.*, *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (affirming time-bar dismissal of federal habeas petition when time that lapsed before filing of postconviction petition, and after disposition of that postconviction petition exceeded one year); *Jones v. Hulick*, 449 F.3d 784, 788-89 (7th Cir. 2006) (affirming time-bar dismissal where petitioner allowed 35 days to lapse between conclusion of direct review and filing of postconviction petition, and 350 days to lapse between conclusion of postconviction proceedings and filing of federal habeas petition; 385 total days lapsed under § 2244(d)(1)(A), rendering federal habeas petition untimely); *Love v. Trancoso*, 2004 WL 1660629, at *2 (N.D. Ill. 2004) (rejecting argument that time lapsing between end of direct review and filing of postconviction petition does not count against one-year limitations period) (citing *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2000) ("[P]roper calculation of section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run") (emphasis in original)).

Petitioner, however, has failed to specifically respond to the cases noted above that respondent cited in his motion to dismiss (*see* Doc. 10 at ¶ 15), and has further failed to cite any cases in support of his contention that the 92 days that elapsed between the conclusion of direct review and the start of his state postconviction proceedings should not be counted toward the limitations period.

3

The plain language of § 2244(d)(1)(A) explicitly provides that the one-year limitations period begins at the conclusion of direct review, not at the conclusion of postconviction review. § 2244(d)(1)(A). Adopting petitioner's flawed reading of the statute would, in effect, impermissibly rewrite the statute, to alter its plain language and meaning. *See Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 10 (2000) ("Whatever merits . . . policy arguments [concerning § 2244] may have, it is not the province of [judges] to rewrite the statute to accommodate them."). Contrary to petitioner's assertion, the statute, as currently interpreted, is not "unworkable" because he has fewer months to file a federal habeas petition after his state postconviction proceedings have concluded. (Doc. 15 at 4). Rather, petitioner still has a full year within which to file, but must simply take the segmented time into account when filing his federal habeas petition.

Moreover, starting the clock on the conclusion of direct review is not contrary to the exhaustion doctrine. Petitioner's argument might carry weight if there were no provision for statutory tolling during the pendency of a properly filed state collateral petition. But there is: the statutory tolling mechanism in § 2244(d)(2) ensures that petitioners are not penalized (in the time-bar context) for exhausting their state court remedies before promptly coming to federal court. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) ("The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period . . . Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together

with § 2254(b)'s exhaustion requirement, encourage litigants first to exhaust all state remedies and then to file their federal habeas petitions as soon as possible."); *Carter*, 275 F.3d at 665 (state collateral proceeding based solely on state-law issues may avoid need for federal relief; tolling rule permits prisoners to pursue such theories in state court without jeopardizing ability to raise federal constitutional issues later in federal court).  Thus, starting the limitations period at the end of direct review does not contradict the exhaustion doctrine, as statutory tolling under § 2244(d)(2) allows for enforcement of the limitations period while at the same time advancing the interests served by exhaustion.

In sum, for the reasons set forth more fully in respondent's motion to dismiss, as well as those discussed above, this habeas petition is untimely because petitioner filed it more than one year after the limitations period began to run under § 2244(d)(1)(A).  Accordingly, this Court should dismiss the petition with prejudice.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 2244(d)(1), the Court should dismiss the petition for writ of habeas corpus as time-barred. If the Court denies the motion to dismiss, respondent respectfully requests 30 days from the date of the Court's order to address the merits of, or any procedural or other defense to, the claims presented in the petition.

March 31, 2008                                                  Respectfully submitted,

                                                                LISA MADIGAN
                                                                Attorney General of Illinois

                                        By:     /s/ Sheri L. Wong
                                                SHERI L. WONG, BAR # 6291090
                                                Assistant Attorney General
                                                100 W. Randolph Street, 12th Floor
                                                Chicago, IL 60601-3218
                                                TELEPHONE: (312) 814-3692
                                                FAX: (312) 814-2253
                                                EMAIL: swong@atg.state.il.us

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2008, I electronically filed respondent's **Reply** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and that on the same date, I mailed by United States Postal Service the same to petitioner's counsel:

Jed Stone
Stone & Associates
415 West Washington Street, Suite 107
Waukegan, Illinois 60085


                                                LISA MADIGAN
                                                Attorney General of Illinois

By:   /s/ Sheri L. Wong
        SHERI L. WONG, BAR #6291090
        Assistant Attorney General
        100 W. Randolph Street, 12th Floor
        Chicago, IL 60601-3218
        TELEPHONE: (312) 814-3692
        FAX: (312) 814-2253
        EMAIL: swong@atg.state.il.us