FILED
JAN 07 2011 *aew*
JAN 07 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.
RAMON DOMINGUEZ,

                Petitioner,

v.

DAN AUSTIN, Former Warden;

RANDY DAVIS, Current Warden;

                Respondent.

File No. 07 C 7065

Judge Virginia Kendall

PETITIONER'S R. 60(b)(4) MOTION FOR RELIEF FROM JUDGMENT

NOW COMES the Petitioner, RAMON DOMINGUEZ, pro se, to move this Honorable Court to clarify its record of judgment for September 22, 2008 and further states:

1) The Petitioner was formerly represented by retained counsel in the underlying §2254 habeas proceeding but now appears pro se.

2) On September 22, 2008, as being persuaded by the Respondent's motion to dismiss, this Court wrote a judgment dismissing the petitioner's §2254 habeas petition in its entirety for being time-barred. A timely appeal was taken - no. 08-4218, this Court declined to issue a certificate of appealability on the time-barred ruling, and June 3, 2009, the Seventh Circuit Court of Appeals also refused to issue a certificate of appealability because the District Court's written judgment indicated no showing of the denial of a constitutional right in effect denying Mr. Dominguez an appellate oppportunity.

3) About September 16, 2009, Mr. Dominguez filed in this Court a R. 60(b)(3) motion submitting that the proper application of Pace v. Diguglielmo, 544

U.S. 408, 414 (2005) would have defeated the Respondent's defense. The motion was denied, this Court declined to issue a certificate of appealability, but the Seventh Circuit itself never issued/declined to issue a certificate of appealability because the $455.00 paid for the appeal had been converted in effect diverting yet another appellate opportunity.

4) It has come to the attention of the Petitoner that a Circuit split exists on the applicable standard of review to time-barred rulings in §2254, §2255, and R. 60(b) proceedings: de novo or certificate of appeability. The §2255 split is evident between U.S. v. Carbal-Moreno, 332 Fed.Appx. 472 (10th 2009)(§2255, untimeliness, de novo) contra U.S. v Hodges, 332 Fed. Appx. 108 (4th 2009)(§2255, untimeliness, certificate of appealability). In Renfrow v. Adams, 332 Fed.Appx. 422 (9th 2009), the 9th Circuit issues certificates of appealability on time-barred rulings in §2254 cases. Thus, Mr. Dominguez calls secondary attention to this matter to articulate that he has not had any appeal "on the merits" because of the 7th Cirucit's certificate of appealability requirement. See generally Miller-El v. Cockrell, 537 U.S. 322, 331 (2003)(a COA is not the occasion for ruling on the merits).

5) A R. 60(b)(4) motion may be heard and granted at any time where a court acted inconsistent with the due process of law. Smith v. Burke, 252 F.3d 1260 (11th 2001).

6) Due process is violated where a government entity acts arbitrarily or otherwise not in accordance with law or without prior notice.

7) This Court violated Mr. Dominguez's due process rights where it issued a contract of record i.e. the written judgment Sept. 22nd, 2008, and misrepresenting the fact that Mr. Dominguez had been effectively granted a

writ of habeas corpus due to the Respondent's failure to generally deny the factual and legal assertions made in the §2254 petition.

ARGUMENT

Section §2254 habeas corpus proceedings address whether federal constitutional violation(s) have contributed to a state prisoner's incarceration. If there has been a constitutional violation, the conviction and/or sentence is void. See Rivera v. Illinois, 129 S.Ct. 1450, 1456 (2009); Danforth v. Minnesota, 128 S.Ct. 1029, 1036 (2008). Thus, because of the potential of voidness, a hearing on the merits must ensue and no procedural bar i.e. affirmative defense may be raised to defeat the proper addressing of whether a state prisoner was unconsititutionally convicted or sentenced. But pursuant to Congress's passing of the Anti-terrorism Effective Death Penalty Act of 1996, affirmative defenses, such as the untimely defense, have been utilized by the States to defeat a state prisoner's rightful claim to relief in habeas corpus. It follows that this Court evidently did not understand the law on a motion to dismiss when such motion is granted thereby causing a material misrepresentation to be made in its contract of record.

When a motion to dismiss is granted, a final judgment has been rendered for appeal and res judicata purposes. See McNamee v. Sandore, 373 Ill. App. 363, 869 N.E.2d 1101, 1106 (2D 2007). This means that the factual assertions and legal conclusions are taken as true on appeal because they have been confessed as so by a repondent/defendant. The only focus is on the affirmative defense raised as the lower court's ruling on the defense is what disallows judgment to be imputed to the respondent/defendant. Here, because the State of

Illinois employed a motion to dismiss raising the statute of limitations defense, the merits were necessarily, albeit silently, ruled upon in Mr. Dominguez's favor. The Respondent won on the affirmative defense alone. If this were not so, there would have been no need to rule on the affirmative defense as the Respondent would have won on the merits. Furthermore, as touched upon by the 10th Circuit in English v. Kody, 241 F.3d 1279, 1282 (10th 2001), because the time-barred procedural defense has no bearing on the confessed voidness of Mr. Dominguez's conviction this Court's vague, written judgment has only added constitutional injury to Mr. Dominguez's plight by way of delay.

It is now appropiate for this District Court to revise its record of judgment to reflect that Mr. Dominguez has been granted the writ of habeas corpus notwithstanding and irrespective of the Court's time-barred ruling. If immediate release or other appropiate relief is not granted Mr. Dominguez per the Court's rectification of its prior misunderstanding of the law, at least a certificate of appealability will issue in this case so that the time-barred ruling may be heard on appeal. Contrary to what it may seem, this motion is not a challenge per se to this Court's "resolution" of the case, rather, it is a motion to clarify a misrepresented judgment of this Court and is not debarred by any law of the case as the misrepresentation is a due process violation and and no appeal has been held.

WHEHEFORE your Petitioner requests that this Honorable Court revise its judgment of September 22, 2008 pertaining to the merits resolution in the District Court and to otherwise enter an order for Mr. Domiguez's unconditional release.

Respectfully Submitted,

*Ramon Dominguez*

Ramon Dominguez, pro se
Reg. No. R03465
Pinckneyville, Ill. 62274

4

IN THE
United States District Court Northern District
of Illinois Eastern Division

Ramon Dominguez  )
Plaintiff/Petitioner )
                   )
    Vs.            )   No. 07 C 7065
Dan Austin, Former Warden )
Randy Davis, Current Warden )
Defendant/Respondent )

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of the Court          TO: Ill Attorney General
U.S. District Court                 100 W Randolph 12th FL
219 S. Dearborn                     Chicago, IL
Chicago, IL 60604                   60601

PLEASE TAKE NOTICE that on January 3, 20 10, I placed the attached or enclosed documents in the institutional mail at Pinckneyville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service

DATED: Jan 3, 2010

/s/ Ramon Dominguez
Name: Ramon Dominguez
IDOC#: R-03465
Address: P.O. Box 999
Pinckneyville, IL
62274

Subscribed and sworn to before me this ____ day of _____, 20 ____.

_____
Notary Public