# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 7 C 7065 | **DATE** | 4/8/2011 |
| **CASE TITLE** | Ramon Dominguez vs. Austin et al | | |

**DOCKET ENTRY TEXT**

The Court previously denied Dominguez's earlier Rule 60(b) motion for reconsideration. (R. 43.) The present motion presents no new meritorious legal arguments and, as such, is also denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Petitioner Ramon Dominguez ("Dominguez") moves for relief from judgment pursuant to Rule 60(b)(4). For the following reasons, Dominguez's motion is denied.

     The Court previously denied Dominguez's petition for a writ of habeas corpus on September 22, 2008. The Seventh Circuit reviewed the Court's September 22, 2008 Order, found "no substantial showing of the denial of a constitutional right," and denied Dominguez's request for a Certificate of Appealability ("COA").

     Dominguez now moves for relief from judgment, claiming that the Court's September 22nd Order dismissing his petition for habeas corpus as time-barred also "necessarily, albeit silently" ruled upon the merits in his favor. (R. 80 at 4.) Based on his understanding of the Court's September 22nd Order and of the Federal Rules of Civil Procedure, Dominguez argues that the Court's September 22nd Order is void and that he is entitled to "unconditional release." (*Id*.)

     Dominguez's claim lacks merit. While a court takes as true the well-pleaded allegations of a complaint at the motion to dismiss stage, Dominguez is incorrect to assert that the merits of his case were therefore ruled upon in his favor when the Court found his petition untimely and granted Defendants's motion to dismiss. Indeed, Dominguez's position would contradict explicit Seventh Circuit precedent and undermine the limitations period set forth under the AEDPA. 28 U.S.C. § 2244(d)(1). Not surprisingly, Dominguez fails to cite to any binding legal authority in support of his position, nor is the Court aware of any such precedent.

     To the extent that Dominguez attempts to rely on *English v. Kody*, 241 F.3d 1279, 1282 (10th Cir.

| STATEMENT |
|---|
| 2001), his reliance is misplaced. In *English*, the Tenth Circuit denied a petitioner's request for a COA and dismissed his appeal. Here, similarly, the Seventh Circuit, in denying Dominguez's request for a COA, "reviewed the final order of the district court and the record on appeal" and found "no substantial showing of the denial of a constitutional right." (R. 56.)<br><br>  The Court previously denied Dominguez's earlier Rule 60(b) motion for reconsideration. (R. 43.) The present motion presents no new meritorious legal arguments and, as such, is also denied. |