# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 7 C 7065 | **DATE** | 6/27/2012 |
| **CASE TITLE** | Dominguez vs. Gaetz | | |

**DOCKET ENTRY TEXT**

The Court denies Dominguez's current redundant Motion

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Ramon Dominguez moves this Court for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(2) or 60(b)(4). On September 22, 2008, this Court granted the Respondent's motion to dismiss Dominguez's petition for a writ of habeas corpus. (Doc. 19). On January 30, 2009, the Court denied his motion for a Certificate of Appealability. (Doc. 35). Dominguez then filed a motion to reconsider, which the Court denied on March 9, 2009. (Doc. 43). Dominguez filed a Notice of Appeal, which the Seventh Circuit construed as an Application for a Certificate of Appealability. *See Dominguez v. Schwartz*, No. 08-4218, Order at 1 (7th Cir. June 3, 2009). Finding no substantial showing of the denial of a constitutional right, the Seventh Circuit denied his application and dismissed his appeal. *See Id.* On August 31, 2009, the Petitioner again moved the Court for relief from judgment entered on September 22, 2008, and for permission to appeal *in forma pauperis*. (Doc. 67). The Court denied those motions on September 16, 2009. (Doc. 70). On December 7, 2009, the Court denied Petitioner's request for a Certificate of Appealability and his request to proceed *jn forma pauperis*. (Doc. 75). On January 7, 2011, Dominguez again moved for relief from judgment pursuant to Rule 60(b)(4). (Doc. 80). On March 8, 2011, the Court again denied the Rule 60(b) motion for reconsideration on the grounds that Dominguez's earlier Rule 60(b) motion had been denied, and the new motion presented no new meritorious legal arguments. (Doc. 83).

As set forth more fully in the Court's order dismissing the petition for a writ of habeas corpus, Dominguez's criminal judgment became final on March 5, 2003. Ninety-two days later, Dominguez filed a petition for post-conviction relief in state court. That petition for post-conviction relief became final on November 29, 2006. On November 28, 2007, Dominguez filed his petition for a writ of habeas corpus with this Court. In dismissing the petition as time-barred, the Court held that the ninety-two

**STATEMENT**

day period that elapsed between entry of final judgment in Dominguez's criminal case and his filing of the petition for post-conviction relief in state court counted towards the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A). After tolling the statute of limitations under 28 U.S.C. § 2244(d)(2) while the petition for post-conviction relief was pending in state court, the Court found Dominguez's petition for a writ of habeas corpus to be untimely because 456 days had passed since the entry of his final criminal judgment. Dominguez sought a Certificate of Appealability to appeal whether the Court properly counted the ninety-two day period that elapsed after entry of his final criminal judgment and before he filed his petition for post-conviction relief in state court towards the one-year statute of limitations. Finding that reasonable jurists could not disagree that § 2244(d)(1) is not tolled during the period of time between a petitioner's final direct appeal in state court and the date the petitioner applies for post-conviction relief under state law, the Court denied Dominguez's motion for a Certificate of Appealability. The Seventh Circuit also denied his application for a Certificate of Appealability, finding "no substantial showing of the denial of a constitutional right." *Dominguez*, No. 08-4218, Order at 1. Dominguez then sought relief from the Court's order dismissing his petition, claiming that the Court ruled pursuant to a manifest error of law. On September 16, 2009, the Court denied Dominguez relief from judgment entered on September 22, 2008. On January 7, 2011, Dominguez again moved the Court for relief from judgment, which the Court denied on March 8, 2011. The Court found that the new motion presented no new meritorious legal arguments and, as such, was denied.

Dominguez again moves for relief from judgment, claiming that the Court's September 22, 2008 Order dismissing his petition for a writ of habeas corpus should be reversed.

A motion brought pursuant to Federal Rule of Civil Procedure 60(b) must "be made within a reasonable time–and for reasons (1), (2), and (3) no more that a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Thus, Dominguez's Motion for Relief from Judgment under Rule 60(b)(2) is untimely as more than one year has passed since the entry of the judgment he seeks relief from. Dominguez's Motion does not set forth a valid reason that the Court's Order of September 22, 2008 is void under Federal Rule of Civil Procedure 60(b)(4). "A void judgment is not synonymous with an erroneous judgment. Even gross errors do not render a judgment void. A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process of law." *O'Rourke Bros. Inc. v Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000) (internal citations omitted). Here it is undisputed that the Court had both subject matter jurisdiction and personal jurisdiction when it rendered its opinion on September 22, 2008, dismissing the petition for a writ of habeas corpus. Nor can it be argued that the Court has denied the Petitioner due process of law. The Court has considered Dominguez's arguments each time he has petitioned the Court for redress and has responded to his motions with reasoned opinions. Dominguez does not present any new meritorious legal argument or changed facts in his current Motion for Relief from Judgment that have not already been addressed by this Court. The Court has previously addressed numerous Rule 60(b)(4) motions made by Dominguez and has rejected the arguments made therein. Dominguez now brings yet another Rule 60(b) Motion, over four years

**STATEMENT**

since the judgment he seeks relief from was entered. Lacking any argument that the Court rendered its September 22, 2008 order without jurisdiction over the subject matter of the controversy or the parties or that it was not in accordance with due process of law, Dominguez's new Rule 60(b)(4) Motion has not been made within a reasonable time, and therefore is untimely brought. The Court denies Dominguez's current redundant Motion. If Dominguez files yet another untimely motion in the future, the Court will dismiss it in short form rather than repeating its previous procedural and substantive work on the matter.